UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HOUSE OF RAEFORD FARMS OF LOUISIANA, LLC | CIVIL ACTION NO. 19-cv-0271 |
| VERSUS | JUDGE FOOTE |
| LANCE POOLE, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Plaintiff filed this suit in state court for breach of contract. Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on the removing party to show that there is complete diversity of citizenship between the parties and an amount in controversy over $75,000.

The notice of removal states that defendant Lance Poole is a citizen of the State of Arkansas and that defendant Group 7792, Inc. is an Arkansas corporation with its principal place of business in Arkansas. The notice also states that Plaintiff alleges that it suffered a loss of $2,423,100.79 as a result of the breach of contract. The notice is sufficient with regard to the amount in controversy and the citizenship of those parties.

The notice of removal states that Plaintiff is a limited liability company doing business in and domiciled in the State of Louisiana. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a

litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Accordingly, Defendants are ordered to file an amended notice of removal no later than **March 20, 2019**, setting forth specific facts regarding the citizenship of Plaintiff pursuant to the rules outlined above. The court understands that Defendants may not have access to the citizenship information for the Plaintiff. Parties in the Plaintiff's position ordinarily provide the citizenship information voluntarily, and they are directed to do so in this case so that this preliminary issue may be resolved as quickly and efficiently as possible.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of March, 2019.

Mark L. Hornsby
U.S. Magistrate Judge