UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HOUSE OF RAEFORD FARMS OF LOUISIANA, LLC | CIVIL ACTION NO. 19-cv-0271 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| LANCE POOLE, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

**Introduction**

House of Raeford Farms, LLC ("Raeford Farms") originally sued two defendants. It later amended its complaint to add several new defendants, and some of them filed motions to dismiss. Raeford Farms responded with a Motion for Leave to File Second Amended and Restated Complaint (Doc. 107) that is now before the court. Raeford Farms states that leave to amend is sought to address or cure alleged deficiencies in its pleading that are argued in the motions to dismiss. Several defendants oppose the motion to amend. For the reasons that follow, the motion will be granted.

**Procedural History**

Raeford Farms operates a poultry processing plant in Bienville Parish. It commenced this action in state court against Lance Poole and his company, Group 7792, LLC, based on allegations that those defendants breached a purchase contract by failing to reimburse certain freight costs totaling approximately $2.4 million. The Poole defendants removed the case based on diversity jurisdiction, and the court entered a scheduling order.

Counsel for the Poole defendants later withdrew, their answers were stricken for noncompliance with an order, and a default was entered against them. Doc. 21.

Raeford Farms then moved to file a first amended and restated complaint (Doc. 33) that added several new defendants. Raeford Farms alleged that Ross Hickman (a Raeford employee) and his wife participated in fraudulent schemes that involved kickbacks and secret deals that deprived the company of millions of dollars. The first amended and restated complaint named as defendants the Hickmans and 11 other companies and individuals who are alleged to have participated in various fraudulent schemes. The new defendants were served. Some filed answers, others filed motions to dismiss (Docs. 57, 83 & 87), and some filed a motion to sever (Doc. 80) the claims against them.

Raeford Farms responded to the motions to dismiss with a Motion for Leave to File Second Amended and Restated Complaint (Doc. 107) that is now before the court. Raeford Farms states that leave to amend is sought to allege additional facts in support of its claims and address or cure arguments made in the motions to dismiss. It filed a short memorandum (Doc. 109) in response to two of the motions to dismiss that asked the court to allow the amendment or, if leave to amend is denied, it be allowed to file an additional memorandum in response to the motions.

**Defendants' Grounds for Opposition**

The L&S Food defendants argue in their memorandum (Doc. 110) that Raeford Farms engaged in inappropriate use of discovery during the early stage of the case to investigate what were then non-parties. They urge that leave to amend should be denied because Raeford Farms engaged in bad faith use of the discovery process, it was already

allowed to file one amended complaint, and its proposed allegations are futile in that they do not plead viable claims. The L&S Food defendants ask the court to deny the motion for leave to amend and immediately rule on their motion to dismiss.

William and Angela Hickman filed a memorandum in opposition (Doc. 112) to the proposed amendment. They also complain of the earlier discovery that led to the first amended and restated complaint that named them as defendants. They argue that Raeford Farms has failed to explain why its proposed new factual allegations were not included in the first amended complaint, and they object to being forced to file another motion to dismiss and perhaps being required to re-brief the severance issue because of the amendment.

Hector Perez filed a memorandum in opposition (Doc. 111) that largely attacked the merits of the proposed amendment. Perez argued that even the amended allegations fail to state a viable claim against him for fraudulent misrepresentation, conspiracy to commit fraud, violation of the LUTPA, or breach of fiduciary duty. Perez argues that the court should immediately rule on his motion to dismiss.

Four defendants known as the S&S Defendants filed a memorandum in opposition (Doc. 114). They complain that Raeford Farms did not disclose to the court that its proposed second amended complaint would make significant changes to the fundamental bases of the alleged schemes and would insert myriad new, conclusory allegations regarding each defendant. They also complain that Raeford Farms did not mention that new allegations would be added "for the obvious purpose of opposing the S&S Defendants' Motion to Sever" and a motion to dismiss for lack of jurisdiction and improper venue that

was filed by other defendants. The S&S Defendants point to the December 16, 2019 deadline to file amended pleadings and argue that Raeford Farms' motion for leave, which came several months after that deadline, requires not only compliance with Fed. R. Civ. Pro 15 but also a showing of good cause based on Fed. R. Civ. Pro. 16(b). The S&S Defendants argue that Raeford Farms cannot make an adequate showing under either requirement.

Raeford Farms did not file a memorandum in support of its motion, which would have been helpful since it was known that the motion would be contested. It did later file a lengthy reply (Doc. 117) and argue its case. Raeford Farms described the discovery complaints as a red herring because they are unrelated to whether the amendment should be allowed. It argued that it should not be required to show good cause based on the scheduling order deadline because the December deadline was designed to prompt the anticipated amendment to add several new defendants, rather than serve as a traditional deadline for amendment of pleadings. But it argued that it can demonstrate good cause if required, and it pointed to the years of complex, fraudulent transactions that underlie its claims and what it alleges has been stonewalling and the invocation of the Fifth Amendment privilege against self-incrimination that has made it difficult to gain the facts necessary to plead its best case. Raeford Farms stated that it has discovered additional information outside of the discovery process, and it asked to add related allegations in the second amended and restated complaint.

Raeford Farms' reply devoted considerable attention to the arguments that its proposed allegations are futile under a Rule 12(b)(6) standard. It also responded that the

proposed amendment will not cause undue delay or unnecessarily prejudice the defendants because the motion to sever is fully briefed and ripe for decision, irrespective of whether leave to amend is granted.

Some of the defendants complained that Raeford Farms sandbagged them by waiting until its reply memorandum to make its arguments for allowing the amendment. The court remedied the claims of prejudice by allowing the filing of sur-replies that "should focus on the procedural propriety of the proposed amendment rather than the merits of the claims." Doc. 120. Perez argued in his sur-reply (Doc. 121) that the proposed amendment is futile because even the amended allegations fail to state claims against Perez on which relief may be granted. The L&S Food Defendants argued (Doc. 123) that the court's analysis should begin and end with the Rule 16 good cause requirement, objected that Raeford Farms' claim of discovering additional information outside of discovery is unexplained, and argued that the proposed amendment does not satisfy the heightened pleading requirement of Rule 9(b) with respect to allegations of fraud.

The L&S Food Defendants are correct that Raeford Farms' reply did not explain the alleged discovery of information outside the discovery process. But Raeford's memorandum in response to the motions to dismiss stated that it has used information learned by its forensic CPA to improve its allegations in the second amended and restated complaint. The proposed pleading will allege the exact amounts paid by Hickman/Heritage to S&S Trading as part of their scheme, as well as the number of checks and amounts paid as kickback/bribery payments by L&S Food and Performance to Hickman/Heritage. Raeford also said that the proposed amendment will drop a claim for treble damages under

the LUTPA. It argued that the additional factual detail would render moot arguments made by the L&S Food Defendants.

**Analysis**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The standard is very liberal. The Fifth Circuit has explained that "unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765, 770 (5th Cir. 1999).

But the rule is different when the court has issued a scheduling order that set a deadline for amendment of pleadings and that deadline has passed. Rule 16(b) governs amendments after a scheduling order deadline has expired. The movant must first demonstrate good cause to modify the scheduling order before the more liberal standard of Rule 15(a) will apply to the district court's decision to grant or deny leave. S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).

The court finds that Raeford Farms is not required to demonstrate good cause under the unique circumstances presented. This began as a simple two-defendant breach of contract case, and a scheduling order was issued. The two defendants were then defaulted, and Raeford Farms filed a Motion to Upset Scheduling Order (Doc. 23) that advised it had discovered new evidence that would require it to amend its complaint to join a number of new defendants. Raeford Farms stated that it was in the process of drafting an amended complaint but needed additional time to complete it, and it anticipated that the addition of

these several new defendants would make it impossible for the parties to comply with the existing scheduling order. It proposed that new deadlines be set at a status conference after the new defendants had an opportunity to answer.

The court issued an order (Doc. 24) that upset the scheduling order and all included deadlines. The undersigned then issued an order (Doc. 25) aimed at getting Raeford Farms to promptly join the new defendants. The order stated: "The new deadline for joinder of parties and amendment of pleadings is December 16, 2019. The court directs that all new parties be served as promptly as possible."

The court fully expected to issue a new scheduling order after the new defendants were joined, with a new deadline for amendment of pleadings a part of that schedule. The court certainly would not have deprived the new defendants of an opportunity to amend their original answers, or amend to add counterclaims or cross-claims, based on a pleadings deadline that expired before they were even served with the suit. Accordingly, under these particular circumstances, Raeford Farms is not obligated to make a showing of good cause prior to obtaining leave to amend. As for the complaints about discovery abuses, the court agrees that they are irrelevant to whether an amendment should be allowed. There are other procedures available to object to discovery if the recipient of a subpoena or other request believes it is unwarranted.

The court finds that the best exercise of its discretion under Rule 15 is to allow the proposed amendment. Rule 15 anticipates and encourages amendments to a complaint to respond to a motion to dismiss. It allows amendment once, without leave, in response to a motion. The comments to the 2009 amendments state, "A responsive amendment may

avoid the need to decide the motion or reduce the number of issues to be decided and will expedite determination of issues that otherwise might be raised seriatim." Raeford Farms already amended once, so it requires leave of court to amend again, but the principle behind this aspect of Rule 15 weighs in favor of granting leaving to perhaps render moot or at least narrow a motion to dismiss.

"[A] party may make an amendment to amplify a previously alleged claim or defense. A liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules—the determination of cases on their merits." Wright & Miller, 6 Federal Practice & Procedure Civil § 1474 (3d ed.). Thus, a plaintiff should generally be allowed a reasonable opportunity to amend and plead its best case before his case is decided. And the proposed amendment at issue here is, for practical purposes, the first amendment with respect to the claims against the current defendants.

Allowing the amendment also benefits defendants by protecting any victory a defendant obtains from appellate attack based on denial of leave to amend. To demonstrate, compare Hernandez v. Ikon Office Solutions, Inc., 306 Fed. Appx. 180, 182 (5th Cir. 2009) (reversing grant of motion to dismiss when plaintiff was not given at least one chance to amend) with U.S. ex rel. Adrian v. Regents of Univ. of Cal., 363 F.3d 398, 403–04 (5th Cir.2004) (affirming dismissal and finding district court did not abuse its discretion in denying leave to file a third amended complaint where plaintiff had already been directed to plead his best case). The Fifth Circuit "on multiple occasions has found no abuse of discretion where a district court declined to allow a third opportunity to amend

a complaint." Angel v. La Joya Independent School District, 717 Fed. Appx. 372, 382 (5th Cir. 2017).

Some of the defendants argue that the proposed amendment is futile, largely for the reasons urged in their motions to dismiss. Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. Briggs v. Miss., 331 F.3d 499, 508 (5th Cir. 2003). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. Id. But that does not mean a court must deny leave to amend unless it studies the proposed amendment and determines that it states actionable claims. It simply gives the court discretion to deny leave if it finds the amendment does not state a claim.

The practice in this court has been that, unless it is readily apparent that a proposed amendment is patently futile, the better course is to allow the filing of the amended complaint and take up its merits on a motion to dismiss (or motion for summary judgment). That procedure allows for a more complete briefing process that is focused solely on the merits. The proposed amendment in this case cannot be rejected as futile without considering detailed legal arguments on multiple complex issues. It is, therefore, not a candidate for rejection based on futility.

**Conclusion**

Raeford Farms' **Motion for Leave to File Second Amended and Restated Complaint (Doc. 107)** is **granted** for the reasons stated above. The Clerk of Court is directed to file the amended pleading. The next issue is what to do with respect to the motions to dismiss and motion to sever.

The **Motion to Dismiss (Doc. 57)** by Kevin Miller and Performance Sales & Consulting, LLC is based primarily on objections to personal jurisdiction and venue. It does raise some Rule 12(b)(6) arguments, but the motion was fully briefed before Raeford Farms proposed its amendment. That motion may be ripe for decision as is, but the movants are in the best position to make that call. If Miller and Performance desire to retool their motion in light of the amendment (which will be considered when their motion is assessed), they should file a short statement of that intent within **seven days** after entry of this ruling. If they do so, their original motion will be denied without prejudice, and they will be allowed 14 days to file a new motion. Otherwise, their current motion will be decided in due course.

The **Motions to Dismiss (Docs. 83 & 87)** filed by Hector Perez and the L&S Food Defendants are specifically targeted by the second amended and restated complaint. Those motions are **denied without prejudice.** The movants may file new motions, directed at the second amended and restated complaint, within 14 days of entry of this order. A standard notice will then issue with a briefing schedule.

That leaves the **Motion to Sever (Doc. 80)** filed by the S&S Defendants. Those defendants argued that the amendment is directed at their fully briefed motion to sever. Raeford Farms stated in footnote 12 of its memorandum that, to the extent the S&S Defendants were prejudiced by the amendment, Raeford did not object to the court ruling on the motion to sever without considering the new allegations. But the amended pleading has been allowed, and the court prefers to decide such an important motion based on the actual allegations in the current complaint.

The S&S Defendants are advised that the court will look to the allegations in the second amended and restated complaint when assessing their motion to sever. Accordingly, the S&S Defendants will be allowed **seven days** after entry of this ruling to file a short statement of election on how to proceed. They may elect to stand on their motion as presented and briefed, or they may ask to file a new motion. If they elect to file a new motion, the court will enter an order denying without prejudice the current motion to sever and allowing the S&S Defendants 14 days to file a new motion. A standard notice will then issue with a briefing schedule.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of June, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge