UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HOUSE OF RAEFORD FARMS OF LOUISIANA, LLC | CIVIL ACTION NO. 19-cv-271 |
| VERSUS | JUDGE EDWARDS |
| LANCE POOLE ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

House of Raeford Farms of Louisiana, LLC ("Raeford Farms") operates a poultry processing plant in Bienville Parish. It alleges that two of its former employees, William Ross Hickman and Brian Whiteman, engaged in fraudulent transactions with several outsiders that cost Raeford Farms millions of dollars.

In February of 2024, the court granted a motion to compel filed by defendant L&S Food Sales Corp ("L&S"). The motion alleged that in response to discovery requests, Raeford Farms stated that it would "make its warehouse in Arcadia, Louisiana available so that L&S can search for, and copy, documents responsive to this Request for Production on a mutually agreeable date and time." Counsel for Raeford Farms and counsel for L&S met at Plaintiff's plant to inspect the documents. L&S represented that there were hundreds of banker boxes containing documents in three separate locations: a warehouse, a shed, and a tractor trailer. L&S asserted that Raeford Farms had not made an attempt to segregate potentially responsive documents and that there was no discernible organization to the document storage. In accordance with Fed. R. Civ. Pro. 34, the court ordered that Raeford

Farms must organize its responsive documents in such a way that L&S could obtain, with reasonable effort, the documents responsive to its requests. Doc. 270.

Before the court is L&S's Motion for Sanctions (Doc. 274). L&S represents that, rather than complying with the court's order, Raeford Farms "did little more than move boxes from one side of their warehouse facility, and located in other locations, to an unorganized pile of boxes in a corner of their warehouse." The responsive documents were contained in 78 boxes on four pallets located on the ground floor of the warehouse. The boxes were marked with sticky notes that denoted whether the box contained "shipping packets," "sales packets," or was "nonresponsive." The notes stated the date the box was reviewed for responsiveness and denoted when a box contained L&S-specific documents.

L&S asserts that Raeford Farms was required to specifically index the documents according to the request to which they were responsive. L&S points to United States v. Bollinger Shipyards, Inc., 2015 WL 13529562 (E.D. La.), which was cited in the court's prior order. The court in that case held that Rule 34 "requires 'the producing party to turn over the documents in an organized, comprehensible arrangement—either by specifically indexing each document to the request to which it was responsive, or, failing that, by turning over the documents with the business's filing system or other organizational structure still intact and useable by the requesting party.'" Bollinger Shipyards, 2015 WL 13529562 at *3, quoting Anderson Living Trust v. WPX Energy Prod., LLC, 298 F.R.D. 514, 522 (D.N.M. 2014).

L&S argues that Raeford Farms should be sanctioned by prohibiting Raeford Farms from introducing evidence of sales to companies other than L&S in support of its damages

model. L&S states that obtaining such documents was the primary aim of the discovery requests and that Raeford Farms is attempting to force L&S to sift through "thousands of pages of unorganized, uncategorized, and unindexed documents" underlying Raeford Farms' theory that L&S received preferential treatment. L&S also argues that Raeford Farms must reimburse L&S for reasonable expenses, including attorney fees, in connection with the motion to compel.

The court did not order Raeford Farms to generate an index of each document, nor did the court intend for this requirement to be read into the order. Instead, the court ordered Raeford Farms to "organize the documents in such a way that L&S can obtain, with reasonable effort, the documents responsive to its requests." The court finds that Raeford Farms complied with the court's order by categorizing the documents in each box and attaching labels to the box that included the category of document contained in the box and the date the box was inspected. Accordingly, the **Motion for Sanctions (Doc. 274)** filed by L&S is **denied**. The request for attorney fees is also denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of July, 2024.

Mark L. Hornsby
U.S. Magistrate Judge